CENTER FOR DISABILITY ACCESS
Amanda Seabock, Esq., SBN 289900
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Tehniat Zaman, Esq., SBN 321557
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
TehniatZ@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Orlando Garcia**, <br><br> Plaintiff, <br><br> v. <br><br> **Deanna Antoinette Ductoc; Angel Daniel Ductoc Jr.; Janice Rosales; and Does 1-10,** <br><br> Defendants. | Case No: 2:20-cv-09097-MWF-PVC <br> Hon. Dolly M. Gee <br><br> **Plaintiff's Notice of Motion and Motion for Leave to File First Amended Complaint** <br><br> Fed.R.Civ.P. 15(a)(2). <br><br> Date: June 4, 2021 <br> Time: 9:30 a.m. <br> Ctrm: 8C |

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 4, 2021 at 9:30 a.m., in Courtroom 8C of the First Street Courthouse, located at 350 West First Street, Los Angeles, California, Plaintiff Orlando Garcia, by and through his counsel, will move and hereby does move, pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to file his First Amended Complaint.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on April 23, 2021.

1  The Motion shall be based upon this Notice, the attached Memorandum of Points and Authorities, the attached "redlined" proposed first amended complaint, filed concurrently as "Exhibit 1," the Declarations of Tehniat Zaman and Soyoung Ward and associated exhibits, all of the documents and records on file in this action, and such other and further matters that may be presented at hearing.

Dated: May 3, 2021                    CENTER FOR DISABILITY ACCESS

                                      By: /s/ Tehniat Zaman
                                      Tehniat Zaman
                                      Attorney for Plaintiff

# EXHIBIT A

CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Amanda Seabock, Esq., SBN 289900
Tehniat Zaman, Esq., SBN 321557
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandasTehniatZ@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Orlando Garcia**,<br><br>   Plaintiff,<br><br>v.<br><br>**Deanna Antoinette Ductoc;****Angel Daniel Ductoc Jr.**; Janice Rosales; and Does 1-10,<br><br>   Defendants. | Case No. 2:20-cv-09097-DMG-PVC<br>Hon. Dolly M. Gee<br><br>**First Amended Complaint For Damages And Injunctive Relief For Violations Of:** Americans With Disabilities Act; Unruh Civil Rights Act |

   Plaintiff Orlando Garcia complains of Deanna Antoinette Ductoc; Angel Daniel Ductoc Jr.; Janice Rosales; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

   1. Plaintiff is a California resident with physical disabilities. Plaintiff is a level C-5 quadriplegic. He also suffers from Cerebral Palsy. He has manual dexterity issues. He uses a wheelchair for mobility.

   2. Defendants Deanna Antoinette Ductoc and Angel Daniel Ductoc Jr. owned Los Angelito's Bakery located at or about 2881 E Florence Ave, Huntington Park, California, in September 2020.

1  3. Defendants Deanna Antoinette Ductoc and Angel Daniel Ductoc Jr.
2  own Los Angelito's Bakery located at or about 2881 E Florence Ave,
3  Huntington Park, California, currently.
4  4. Defendant Janice Rosales owned the real property located at or 2881 E
5  Florence Ave, Huntington Park, California, in September 2020.
6  3.5. Defendant Janice Rosales owns the real property located at or 2881 E
7  Florence Ave, Huntington Park, California, currently.

[Formatted: Kern at 8 pt]

8  4.6. Plaintiff does not know the true names of Defendants, their business
9  capacities, their ownership connection to the property and business, or their
10 relative responsibilities in causing the access violations herein complained of,
11 and alleges a joint venture and common enterprise by all such Defendants.
12 Plaintiff is informed and believes that each of the Defendants herein, including
13 Does 1 through 10, inclusive, is responsible in some capacity for the events
14 herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff
15 will seek leave to amend when the true names, capacities, connections, and
16 responsibilities of the Defendants and Does 1 through 10, inclusive, are
17 ascertained.

19 **JURISDICTION & VENUE:**
20 5.7. The Court has subject matter jurisdiction over the action pursuant to 28
21 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with
22 Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.
23 6.8. Pursuant to supplemental jurisdiction, an attendant and related cause of
24 action, arising from the same nucleus of operative facts and arising out of the
25 same transactions, is also brought under California's Unruh Civil Rights Act,
26 which act expressly incorporates the Americans with Disabilities Act.
27 7.9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is
28 founded on the fact that the real property which is the subject of this action is

located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

8.10.     Plaintiff went to Los Angelito's Bakery in September 2020 with the intention to avail himself of its goods and to assess the business for compliance with the disability access laws.

9.11.     Los Angelito's Bakery is a facility open to the public, a place of public accommodation, and a business establishment.

10.12.    Unfortunately, on the date of the plaintiff's visit, the defendants failed to provide wheelchair accessible paths of travel in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff.

11.13.    Los Angelito's Bakery provides paths of travel to its customers but fails to provide any wheelchair accessible paths of travel.

12.14.    A couple of problems that plaintiff encountered is that the ramp that runs up to the entrance did not have a level landing. What is more, the ramp had a slope that was too steep for plaintiff.

15. Plaintiff believes that there are other features of the paths of travel that likely fail to comply with the ADA Standards and seeks to have fully compliant paths of travel available for wheelchair users.

13.16.    Since Plaintiff's visit, Defendant has installed a portable ramp as an alternative path of travel. However, the portable ramp provided by Defendants is also inaccessible as it is narrower than 30" wide and its running slope exceeds 5%. As a wheelchair user, Plaintiff requires ramps to be sufficiently wide and level to safely and effectively use them."

14.17.    On information and belief, the defendants currently fail to provide wheelchair accessible paths of travel.

15.18.    Additionally, on the date of the plaintiff's visit, the defendants failed to provide wheelchair accessible entrance door hardware in

conformance with the ADA Standards as it relates to wheelchair users like the plaintiff.

16.19. Los Angelito's Bakery provides entrance door hardware to its customers but fails to provide any wheelchair accessible entrance door hardware.

17. The problem that plaintiff encountered is that the entrance door handles had pull bar and panel style handles that required tight grasping to operate.

18.20. Plaintiff believes that there are other features of the entrance door hardware that likely fail to comply with the ADA Standards and seeks to have fully compliant entrance door hardware available for wheelchair users.

21. On information and belief, the defendants currently fail to provide wheelchair accessible entrance door hardware.

19.22. Although Plaintiff did not encounter barrier, the entrance door is inaccessible in that the kickplate has protruding screws and is capped. Plaintiff requires a 10" smooth surface on the push side of the door to have an ADA-compliant entrance door.

20.23. These barriers relate to and impact the plaintiff's disability. Plaintiff personally encountered these barriers.

21.24. As a wheelchair user, the plaintiff benefits from and is entitled to use wheelchair accessible facilities. By failing to provide accessible facilities, the defendants denied the plaintiff full and equal access.

22.25. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

23.26. Even though the plaintiff did not confront the barrier, the sales counter is inaccessible in that the lowered portion does not extend the full depth of the main sales counter, as required by the ADA. Plaintiff requires an ADA-compliant sales counter to ensure he has sufficient space to place his personal belongings, such as his wallet, ID, credit or debit card, and/or cash,

when making his purchase, to reach the point-of-sale machine, and to place and receive his merchandise for purchase.

24.27.    The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

25.28.    The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

26.29.    Plaintiff will return to Los Angelito's Bakery to avail himself of its goods and to determine compliance with the disability access laws once it is represented to him that Los Angelito's Bakery and its facilities are accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

27.30.    Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

28.31. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

29.32. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals

with disabilities. 42 U.S.C. § 12183(a)(2).

~~30.~~33.     When a business provides paths of travel, it must provide accessible paths of travel.

~~31.~~34.     Here, accessible paths of travel have not been provided in conformance with the ADA Standards.

~~32.~~35.     When a business provides facilities such as door hardware, it must provide accessible door hardware.

~~33.~~36.     Here, accessible door hardware has not been provided in conformance with the ADA Standards.

~~34.~~37.     When a business provides facilities such as sales or transaction counters, it must provide accessible sales or transaction counters.

~~35.~~38.     Here, accessible sales or transaction counters have not been provided in conformance with the ADA Standards.

~~36.~~39.     The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

~~37.~~40.     A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

~~38.~~41.     Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

7

First Amended Complaint

1  39.42.   Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code §51(b).

8  40.43.   The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act.  Cal. Civ. Code, § 51(f).

10  41.44.   Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

14  42.45.   Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

1.2.   Nominal damages under the Americans with Disabilities Act, in Uzuegbunam v. Preczewski, _ S. C. __, 2021 WL 850106 (March 8, 2021).

2.3.     Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3.4.     Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: May 3, 2021May 3, 2021April 28, 2021October 1, 2020
CENTER FOR DISABILITY ACCESS

By: _____
Russell HandyTehniat Zaman, Esq.
Attorney for plaintiff
