CENTER FOR DISABILITY ACCESS
Amanda Seabock, Esq., SBN 289900
Chris Carson, Esq., SBN 280048
Dennis Price, Esq., SBN 279082
Tehniat Zaman, Esq., SBN 321557
8033 Linda Vista Road Suite 200
San Diego CA 92111
(858) 375-7385; (888) 422-5191 fax
TehniatZ@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Orlando Garcia**, <br><br> Plaintiff, <br><br> v. <br><br> **Deanna Antoinette Ductoc; Angel Daniel Ductoc Jr.; Janice Rosales; and Does 1-10,** <br><br> Defendants. | Case No: 2:20-cv-09097-DMG-PVC <br> Hon. Dolly M. Gee <br><br> **Plaintiff's Memorandum of Points and Authorities in Support of Motion for Leave to File First Amended Complaint** <br><br> Fed.R.Civ.P. 15(a)(2). |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Statement of Relevant Facts

On October 2, 2020, the plaintiff filed the Complaint in this case, alleging violations of the ADA and the Unruh Civil Rights Act. Dkt. 1. Plaintiff alleged that he went to the subject business and was denied access by virtue of the lack of accessible parking. Dkt. 1. Moreover, Plaintiff asserted that he intended to "have all barriers related to his disability remedied. See Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them)." Dkt. 1 at 5:7-10.

By virtue of his Complaint alleging "denial of a right of access protected by Titles II or III of the Americans with Disabilities Act…" General Order 56 administratively stayed the case. On February 3, 2021, the Court lifted the stay and ordered the parties to submit a joint report in advance of the Scheduling Conference.  The scheduling conference is currently set for May 21, 2021. Dkt. 26.

On March 8, 2021, the Supreme Court issued an 8-1 opinion that altered the way in which nominal damages interact with equitable relief claims, such as those available under the Americans with Disabilities Act. Uzuegbunam v. Preczewski, __ S. C. ___, 2021 WL 850106 (March 8, 2021).

On March 24, 2021, Plaintiff's investigator returned to the business to conduct an inspection. Soyoung Ward Declaration ("Ward Dec.") ¶ 7. At the time of the inspection, Defendant had an alternative portable ramp, which could be installed as needed. Ward Dec. ¶ 10. Plaintiff's investigator measured the ramp and found the slope to be 11.2% and the width to be 29.5 inches. Ward dec. ¶ 10. Additionally, the investigator found the kickplate for the entrance door was not capped and had protruding screws. Ward Dec. ¶¶ 13 &

16. Lastly, the investigator found the accessible sales counter measured 15 ¼ inches while the main sales counter was 24 ½ inches. Ward Dec. ¶ 18.

Since filing the complaint, Plaintiff has learned that Janice Rosales is the rightful owner of the subject property. Declaration of Tehniat Zaman ("Zaman Decl.") ¶ 4. Plaintiff now seeks to add Janice Rosales as parties to this action, as she is the rightful owner of the real property and can address the need for modifications to the property. Zaman Dec. ¶¶ 4 & 5.

The Plaintiff, therefore, now respectfully requests leave of this court to amend the complaint.

## II. Legal Standard

### A. Policies and Principles Underlying the Role of Pleadings in Federal Courts Require 'Extremely Liberal' Opportunities to Amend Complaints

When a party seeks to amend his complaint, leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Over thirty years ago, the Supreme Court declared that "this mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962). The Court explained:

> It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of mere technicalities. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

Id. at 181-82. The Supreme Court then established some principles that have been consistently followed by courts deciding whether to allow an amendment to a complaint:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

> prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'

Id. at 182.

This circuit has consistently followed the Supreme Court's mandate. The policy of 'freely allowing' the amendments of complaints "is to be applied with extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1989). Although the district court exercises discretion in allowing amendments, it abuses its discretion by denying an amendment when there is an absence of judicially developed factors. Hurn v. Retirement Fund Trust of the Plumbing, Heating and Piping Industry of Southern California, 648 F.2d 1252, 1253 (9th Cir. 1981). These factors are discussed below.

### B. This Court Should Allow the Amendment Because There Is No Bad Faith, Futility, Dilatory Motives, Previous Amendments or Prejudice.

"The following factors guide a court's determination of whether a motion to amend should be granted: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." Forsyth v. Humana, Inc., 99 F.3d 1504, 1518 (9th Cir. 1996). Another factor that can be considered by the court is whether the plaintiff has already amended the complaint. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 at fn. 3 (9th Cir. 1987). Though Plaintiff readily admits undue delay, because none of the other factors apply in the present case, this Court should allow Plaintiff to amend his Complaint.

*1. Undue Delay*

If the proposed amendment was unduly delayed, the district court can consider this as a factor in exercising its discretion to allow or deny the amendment. Hurn v. Retirement Fund Trust of the Plumbing, Heating and Piping Industry of Southern California, 648 F.2d at 1253. In both *Hurn* and

*Morongo*, the courts were faced with proposed amendments that had been delayed for two years. The *Morongo* court considered it a factor (among many) in its ultimate denial of the amendment, while the *Hurn* court allowed the amendment despite the two-year delay. Id.; Morongo Band of Mission Indians v. Rose, 893 F.2d at 1079. The *Morongo* court explained that even a *two-year* delay is not enough, by itself, to justify denying a proposed amendment. Id. The *Hurn* court stated:

> Delay alone does not provide sufficient grounds for denying leave to amend: Where there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion.

Hurn v. Retirement Fund Trust of the Plumbing, Heating and Piping Industry of Southern California, 648 F.2d at 1253.

On the other hand, where the court is faced with bad faith and dilatory tactics, it will not abuse its discretion in denying an amendment. For example, in Jackson v. Bank of Hawaii, 902 F.2d 1385 (9th Cir. 1990), the court of appeals affirmed the district court's denial of an amendment. The court pointed out that the case had been "extensively litigated with several trial dates set" already. Id. at 1388. Furthermore, the plaintiffs knew they were going to amend and, in fact, "informed the court of their intention to file an amended complaint in March 1987, in May 1987, and in February 1988, but delayed offering their amended complaint until May 1988." Id. The seventh month delay from the time they said they would file an amendment to the time they actually did file was "inexplicable and unjustified." Id.

Quite another situation was presented in *DCD Programs*. In *DCD Programs,* a defendant argued "unjust delay" in seeking to add it as a defendant. DCD Programs, Ltd. v. Leighton, 833 F.2d at 186. The district

court rejected this argument, and its decision was upheld by the court of appeals. Id. The court stated:

> [T]his suit is still in its early stages, and appellants have offered a satisfactory explanation for their delay in naming HFB as a defendant, i.e., they waited until they had sufficient evidence of conduct upon which they could base claims of wrongful conduct. Moreover, Fed.R.Civ.P. 11 requires the sanctioning of attorneys who bring suits lacking a factual basis. Consequently, attorneys are cautioned, by this threat of sanctions, to perform their duty to investigate before involving a party in a lawsuit.

Id., at 186 & fn. 4.

Here, Plaintiff has been diligent in seeking amendment. Plaintiff brings this motion to amend prior to the Court issuing a Scheduling Order that would set a deadline to file an amendment. This case is not akin to *Jackson*, in which the case had been litigated through several set trial dates and with an amendment contemplated for more than a year. Rather, as in *DCD Programs*, this case is in its infancy, with not a single deadline having lapsed.

Furthermore, pursuant to *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008), an ADA plaintiff has standing to seek removal of all barriers related to his disability. Following that precedent, and considering that the number of prior amendments is a factor used by courts in determining whether to grant leave to amend, it is optimal for Plaintiff to move to amend *after* he has had a full opportunity to conduct discovery and determine whether additional barriers related to his disability exist.

On March 24, 2021, Plaintiff's inspector visited the business and uncovered additional barriers. On April 1, 2021, Plaintiff's counsel began the meet and confer process with Defendant's counsel, requesting a stipulation to file the Amended Complaint. Zaman Dec. ¶ 3. Thus, Plaintiff has been diligent in seeking amendment. On April 23, 2021, after a phone call and several emails, Plaintiff's counsel concluded the meet and confer process. Zaman

Dec. 6. Pursuant to local rule 7-3, Plaintiff's counsel waited the required 7-days after the conclusion of the prefiling meet and confer process to file this motion. Here, Plaintiff started the amendment process only six days after the inspection uncovered additional barriers. Accordingly, there is no undue delay.

*2. Futility*

If the amended complaint would do nothing more than present a futile claim, the district court can properly deny the amendment. Forsyth v. Humana, Inc., 99 F.3d at 1518. In *Forsyth*, the plaintiff's sought leave to amend the complaint and add new claims. Id. The district court properly denied the amendment because one claim was preempted by federal law and the other claim was predicated upon a criminal statute and provided no private cause of action. Id. The futility of the claims would have resulted in a waste of judicial resources and were properly denied. Id.; *see also* Gabrielson v. Montgomery Ward & Co., 785 F.2d 762, 766 (9th Cir.1986) (holding that amendment was futile because amended claim could not survive summary judgment); Jones v. Community Redevelopment Agency, 733 F.2d 646, 650 (9th Cir.1984) (holding that motion to amend is futile if amended complaint would not survive a motion to dismiss); Aughe v. Shalala, 885 F.Supp 1428 (W.D. Wash. 1995) (holding that the addition of new parties who would merely assert the same claims that had already been summarily judged was a futile gesture).

Plaintiff's amendment, however, is not futile. The relevant claims have not been adjudicated, the claims are not preempted, the claims do state a cause of action against the parties, and the modification of the Complaint is not futile.

The Ninth Circuit recognized in *Doran* that, once a plaintiff has encountered a barrier, he has standing to seek remediation of all barriers

related to his disability. Thus, the additional barrier allegations are necessary to ensure full and complete adjudication of Plaintiff's claim.

New facts revealed at the site inspection indicate that Defendants have installed a noncompliant alternative portable ramp. See, e.g., 2010 ADA Standards §§ 206.1 (requiring access aisles to comply with chapter 4) and 404.2.4.4 (precluding slopes greater than 2.083%). Also, the site inspection revealed the entrance door is noncompliance. See, e.g., 2010 ADA Standards § 404.2.10 (requiring swinging door surfaces to have a smooth surface on the push side and cavities created by added kick plates to be capped). Finally, the sales counter is noncompliant, See, e.g., 2010 ADA Standards §904.4 (requiring the accessible portion of the counter top to extend the same depth as the sales or service counter top). All of these claims relate to Plaintiff's disability and are supported by the ADA Accessibility Guidelines and are, therefore, not futile.

Additionally, the inclusion of the newly-named defendant, is not futile. Amending the compliant to include rightful owner of the subject property ensures the availability of injunctive relief to Plaintiff.

On March 8, the Court substantially altered the relationship between legal rights and nominal damages. "When a right is violated, that violation 'imports damage in the nature of it' and 'the party injured is entitled to a verdict for nominal damages.'" <u>Uzuegbunam v. Preczewski</u>, __ S. C. ___, 2021 WL 850106, *6 (March 8, 2021).

Plaintiff's amendment is not futile. Quite to the contrary, amendment will allow Plaintiff to fully adjudicate his claims, against all responsible parties, and to seek all remedies available to him.

### 3. First Amendment

Another factor occasionally considered in reviewing a motion to amend a complaint is "whether the plaintiff has previously amended his complaint." Programs, Ltd. v. Leighton, 833 F.2d at 186, fn.3. The *DCD Programs* court explained:

> In Mir v. Fosburg, 646 F.2d 342 (9th Cir. 1980), the plaintiff had amended his complaint once. Both the original complaint and the amended one were dismissed for lack of jurisdiction. When the plaintiff requested leave to file a second amended complaint, the district court denied the motion. In affirming the denial, this court held that a district court's discretion over amendments is especially broad "where the court has already given a plaintiff one or more opportunities to amend his complaint...." Id. at 347; see Fidelity Financial Corp. v. Fed. Home Loan Bank, 792 F.2d 1432, 1438 (9th Cir.1986), cert. denied, --- U.S. ----, 107 S.Ct. 949, 93 L.Ed.2d 998 (1987); Mooney v. Vitolo, 435 F.2d 838, 839 (2d Cir.1970) (per curiam).

Id.

Plaintiff has not amended his Complaint previously and, therefore, the Court should "freely allow" this first amendment.

### 4. No Prejudice

A district court can deny a proposed amendment if permitting the amendment would prejudice the opposing party. Jackson v. Bank of Hawaii, 902 F.2d at 1387. In fact, this factor is the most important factor. Id. In *Jackson*, the district court properly denied the amendment because after the case had been extensively litigated and several trial dates set, the plaintiffs sought to amend the complaint alleging new legal theories predicated upon a different set of facts. Id. at 1387-88. The district court determined that this would unduly prejudice the defendants. Id.

Similarly, in *Morongo*, the district court rejected a proposed amendment because:

> The new claims set forth in the amended complaint would have **greatly altered** the nature of the litigation and would have required defendants to have undertaken, at a late hour, an **entirely new course of defense**. Again, this factor is not fatal to amendment but it enters into the balance.
>
> In light of the **radical shift** in direction posed by these claims, their **tenuous nature**, and the **inordinate delay**, we conclude that the district court did not clearly abuse its discretion in denying leave to amend.

Morongo Band of Mission Indians v. Rose, 893 F.2d at 1079 (emphasis added) (internal citations omitted).

In *Hurn*, the court examined the case and found that the "same set of operative facts" were alleged and that the defendants had not compromised their positions in such a way that the amendment would prejudice them. Hurn v. Retirement Fund Trust of the Plumbing, Heating and Piping Industry of Southern California, 648 F.2d at 1253.

Here, while Plaintiff pleads a new facts and a new remedy, his legal theories remain the same. The nature of the litigation is not altered by the amendment. None of Plaintiff's allegations or legal theories change and, discovery has only just opened. Therefore, Defendants have not compromised their positions on any of Plaintiff's case theories.

### III. Conclusion

Leave to amend "shall be freely given" when justice so requires, and this policy is to be applied with extreme liberality. The district court has discretion to deny a motion to amend when certain factors are present. None of these factors are present in this case.

This motion seeks the first amendment to the Complaint and does not allege any new legal theories. The defendant has not compromised its positions. The amendment is not futile. Moreover, Plaintiff has multiple good reasons for amending his complaint: to ensure the claims available to him are

fully litigated in one suit, all responsible parties are brought into the case and he is allowed to seek all remedies available to him.

Allowing Plaintiff to amend his complaint would further the principles underlying Rule 15(a) by allowing the litigation to proceed on its merits on all related claims, against all responsible parties, and by seeking all remedies available to him. The Plaintiff respectfully requests leave to amend the Complaint.

Dated: May 3, 2021                        CENTER FOR DISABILITY ACCESS
                                          By: /s/ Tehniat Zaman
                                              Tehniat Zaman
                                              Attorneys for Plaintiff