CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Tehniat Zaman, Esq., SBN 321557
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
TehniatZ@potterhandy.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Orlando Garcia**, <br><br> Plaintiff, <br><br> v. <br><br> **Deanna Antoinette Ductoc;** **Angel Daniel Ductoc Jr.**; and Does 1-10, <br><br> Defendants. | **Case:** 2:20-cv-09097-DMG-PVC <br><br> **Declaration of Soyoung Ward** |

1. I am a licensed architect with 20 years of experience in Southern California. I have my B.S. in Architecture and Engineering which I obtained from Kyungwon University in South Korea in 1995. I have experience in all phases of architectural service, including design, construction document, permitting, construction phase and code analysis. I also have significant experience in the area of drawing review for accessibility of Title II and Title III projects.

2. I am also a Certified Access Specialist (CASp) and have issued nearly forty CRASCA CASp reports since I obtained my certification in July

1

2018, including accessibility surveys for restaurants, shopping centers, apartments buildings, gas stations and hotels.

3. I am the principal architect for my firm, SCW Architects, based in Los Angeles, California. My practice involves CASp inspections and reviews for multi-family residential developers, as well as construction companies for federal and state funded projects. I also work as an architect for residential and commercial projects, including new and ADA rehabilitation.

4. I am a member of the American Institute of Architects, US Green Building Council, California Division of the State Architect and the Certified Access Specialist Institute (CASI).

5. I was given the assignment of inspecting the Los Angelito's Bakery ("Bakery") located at 2881 E Florence Ave, Huntington Park, California.

6. Prior to my inspection, I reviewed the complaint dated October 2, 2020.

7. I conducted my inspection on March 24, 2021.

8. Following my inspection, I outlined my findings and opinions in a report dated March 24, 2021 Attached as **Exhibit "2"** hereto is a true and correct copy of that report.

9. During my inspection, I found that the entry area to the Bakery slopes up to the entrance door and had a running slope of approximately 13.7%.

10. I observed a bell adjacent to the door which I understand is used to call for assistance to bring out a portable ramp.  I measured the portable ramp and found that it has a width of only 29.5 inches and a slope of approximately 11.2%.

11. Photo No.'s 1-11 in my report are photographs I took during my inspection of the entry area to the Bakery and the portable ramp. In

my expert opinion, the path of travel at the entrance and the portable ramp do not comply with ADA standards.

12. One possible solution is to remove the built-up ramp in front of the entry door and lower the floor level inside of the Bakery within the required door maneuvering clearance. A minimum of 60 inches is required perpendicular to the doorway for the full width of the doorway, plus a minimum of 18 inches beyond the latch side. The slope up to the floor can be 1:30 (5.0%) maximum. This may require moving the counter area and re-locating the bakery display cases.

13. During my inspection, I also found that the entrance door did not have the required 10" smooth surface from the finish floor because of protruding screws. Photo No.'s 12 and 13 are photographs I took of the bottom of the entrance door on the date of my inspection.

14. Additionally, I found that the entry door had a horizontal bar and a flat plate type of door handle which required tight grasping to operate. Photo No.'s 14 and 15 in my report are photographs I took of the entrance door hardware on the date of my inspection.

15. For these reasons, my expert opinion is that the entrance door does not comply with ADA standards.

16. I recommend replacing the screws on the entrance door with flat head screws and capping the top of the kick plate. Alternatively, the entrance door can be replaced with one that has at least 10 inches of smooth surface on the push side.

17. I also recommend providing a door handle that does not require tight grasping, such as a level type handle or a vertical loop-type handle. The operable parts door hardware should be installed 34 inches and 44 inches maximum above the finish floor or ground.

18. During my inspection, I also measured the sales counter and found that the lowered portion attached to the main counter did not extend

the same depth at the main sales counter. I measured the main sales counter to be approximately 24 ½ inches deep and the lowered portion to be approximately 15 ¼ inches deep.

19. I also observed that the point-of-sale machine was not within reach because it was located on the main counter and did not provide full and independent access to the device.

20. Photo No.'s 16 through 26 are photographs I took of the sales counter on the date of my inspection.

21. In my expert opinion, the sales counter is not accessible for these reasons. I recommend lowering a portion of the main counter to at least 36 inches high maximum and 36 inches long minimum and placing the point-of-sale machine on the lowered portion.

22. I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Dated: April 30, 2021   By: _____
Soyoung Ward
AIA, LEED AP Homes, CASp
C32634, CASp-827

# EXHIBIT A

Page **1** of 10

# SCW Architects

March 24, 2021

## ACCESS COMPLIANCE EVALUATION SURVEY AND REPORT

| | |
|---|---|
| To: | Raymond Ballister Jr., Esq<br>Russell Handy, Esq<br>Dennis Price, Esq.<br>Amanda Seabock, Esq.<br>Potter Handy LLP<br>8033 Linda Vista Road, Suite 200<br>San Diego, CA 92111 |
| From: | Soyoung Ward, AIA, LEED AP Homes, CASp-827<br>SCW Architects |
| Date of Survey: | March 24, 2021 |
| Re: | Case 2:20-cv-09097-DMG-PVC<br>Garcia v. Deanna Antoinette Ductoc |
| Facility Name: | Los Angelito's Bakery |
| Address: | 2881 E. Florence Ave., Los Angeles, CA |



American with Disabilities Act (ADA)

Accessibility for privately funded commercial properties has two components. One is meeting the requirements for the Americans with Disabilities Act (ADA) and the second is the requirements for California under Title 24. The ADA is a civil rights act and subject to interpretation by the courts. It is recommended that the property owner or tenant consider both legal and financial implication regarding how to proceed with compliance. The second component is subject to the code review with the Authority Having Jurisdiction (AHJ).

The ADA requires all privately funded properties open to the public (places of public accommodations), built before the Act went into affect on January 26, 1992 or permitted by this date and then first occupied before January 26, 1993, <u>to have barriers removed</u> which are <u>"readily achievable".</u> These are defined as follows:
- Install Ramps
- Providing curb cut ramps in sidewalks and entries
- Reposition shelves
- Rearranging table, chairs, vending machines, display racks and other furniture
- Re-positioning telephones
- Add raised markers on elevator control buttons
- Install flashing alarm light
- Widening doors
- Install offset hinges to widen doors
- Eliminating a turnstile or providing an alternative path of travel
- Providing accessible hardware
- Installing grab bars in a toilet stall
- Rearranging toilet partitions to increase maneuvering space
- Insulating lavatory pipes under sinks to prevent burns
- Installing raised toilet seat
- Install full lengths bathroom mirrors
- Re-positioning towel dispensers
- Installing paper cup dispensers adjacent to drinking fountains
- Remove high pile, low density parapets
- Install vehicle hand controls


Although the removal of barriers is not limited to the items above, the priorities are listed in the following order;
- Provide a Path of Travel (POT) from public sidewalk, accessible parking, and public transportation to the building entry – this could include installing a ramp, widening the entry, or provide accessible parking.
- Provide access or a POT to where goods and services are provided to the public – this could include adjusting the layout of display racks, re-arranging tables, provide signage with Braille and raised characters, widening doors, providing visual alarms, and installing ramps.
- Provide access or a POT to restrooms including widening doors, removal of obstruction furniture or vending machines, installing ramps, providing signage with Braille and raised characters, widening toilet stalls, and installing grab bars.
- Any other measures to provide access to goods, services, facilities, privileges, advantage, or accommodations within facilities or site.

The ADA acknowledges that barrier removal may not be "readily achievable" which is defined as easily accomplished and able to be carried out without much difficulty or expense. The five factors to be considered when determining whether an action is "readily achievable" as defined in Section 36.104

- The nature and cost of the action needed under this part (i.e. to provide accessibility)
- The overall financial resources of the site or sites involved in the action; the number of persons employed at the site; the effect on the expenses and resources; legitimate safety requirements that are necessary for safe operation, including crime prevention measures; or the impact otherwise of the action on the operation of the site.
- The geographical separateness, and the administrative or financial relationship of the site or sites in question to any parent corporation or entity.
- If applicable, the overall financial resources of any parent corporation or entity; the overall size of the parent corporation or entity with respect to the number of its employees; type, and location of its facilities.
- If applicable, the type of operation or operations of any parent corporation or entity, including the composition, structure, and functions of the work force of the parent corporation or entity.

Summation

In any renovation has happened since January 26, 1992, the altered space should have been upgraded to fully comply with CBC and ADA requirements as well as addressing the Path of Travel items listed above. Although there is no "safe haven", the more that can be brought into compliance, the less risk or exposure the owner/tenant has and the more accessible the property will be. For buildings built prior to 1993, there is definition of "readily Achievable Barrier Removal" which means the facilities to be made more accessible even without any renovations or alterations happening within certain financial and physical parameters determined case by case basis. The Federal government has also provided several tax incentives if it is for a small business. New projects or alterations to existing properties will need to comply with the new 2010 ADA Standards for Accessible Design and 2019 CBC 11B. Existing elements will not need to be upgraded to the 2010 ADA Standards as long as they meet the criteria of the original 1991 ADA Standards under "Safe Harbor"

## Summary of Facility

I visited the facility March 24, 2021. The facility is a bakery and my assignment was to do a full inspection for barriers related to Plaintiff's disability. Complaint states accessible paths of travel to the entrance, accessible entrance door hardware and accessible sales counter are not provided. I inspected path of travel, entrance door, sales counter and aisle widths. I found barriers in path of travel, entrance door and sales counter. Please see following pages for details and photos. Bakery owner was present during the inspection.

## Conclusion

This facility is a bakery and open to public, therefore they are defined as a "Place of Public Accommodation" per § 36.104 (5).
If the facility was built after January 26, 1993 or if it was an existing building altered after January 26, 1992 the building should have complied. If the building was built before this date, barriers should have been <u>removed</u> which are <u>"readily achievable".</u>

The following is my professional opinion based on my knowledge and belief. If you have any questions, please do not hesitate to contact me.

Soyoung C. Ward, AIA, LEED AP Homes, CASp
C32634
CASp-827

**List of Items**

Page **5** of 10

| ACCESSIBLE ROUTE TO ENTRANCE | | | | | | | |
|---|---|---|---|---|---|---|---|
| | FINDING | ACTUAL | REFERENCE | CBC | ADA | POSSIBLE SOLUTION | PHOTO # |
| A.1 | Ground surface within required door maneuvering clearance is steeper than 1:48. A bell is provided for assitance adjacent to the door and bakery owner installed portable ramp. Ramp width is narrower than 30" wide and running slope is steeper than 1:20. | Ground surface slopes up to the entrance door with running slope 13.7%. Ramp width is 29.5" and slope is 11.2%. | CBC 11B- 206.1, 404.2.4.4  ADA 206.1, 404.2.4.4 | N/C | N/C | Remove built up ramp front of the entry door, lower the floor level inside of Bakery within required door maneuvering clearance (minimum 60 inches perpendicular to doorway x full width of the doorway + minimum 18 inches beyond latch side) and slope up the floor 1:20 maximum. This may require moving counter area and bakery display cases. | 1-11 |
| ENTRY DOOR | | | | | | | |
| B.1 | Entry door hardware on pull side requires tight grasping | Flat plate type handle and horizontal bar | CBC 11B- 404.2.7, 309.4  ADA 404.2.7, 309.4 | N/C | N/C | Provide a door handle that doesn't require tight grasping such as level type handle or vertical loop-type handle. Operable parts of door hardware shall be 34 inches minimum and 44 inches maximum above the finish floor or ground. | 14,15 |
| B.2 | 10" smooth surfaces from the finish floor is not free of sharp or abrasive edges | Screws are protruding and top of kick plate capped | CBC 11B-404.2.10  ADA 404.2.10 | N/C | N/C | Use flat head screws and cap the top of kick plate. Or replace the door with 10 inches of smooth surface on the push side | 12,13 |
| SALES COUNTER | | | | | | | |
| C.1 | Accessible counter depth is smaller than main sales counter | Accessible counter is $15\frac{1}{4}"$ and main sales counter is $24\frac{1}{2}"$. | CBC 11B-904.4  ADA 904.4. | N/C | N/C | Lower the portion of main counter to 34" maximum above the finish floor x 36" minimum long. | 16-26 |
| C.2 | Point of sale device is not within reach. | Point of sale device was on the main counter and doesn't provide full and independent access to the device. | CBC 11B-220.2, 707.3, 308, 309  ADA 308,309 | N/C | N/C | | |

N/C = Non Compliant, N/A = Not Applicable, C = Compliant

**Photos**

1.



2.



3.



4.



5.



6.



7.



8.



9.



10.



11.



12.



13.

14.



15.



16.



17.

18.



19.



20.



21.



22.



23.

24.



25.



26.

