UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br><br>    Plaintiff,<br><br>  v.<br><br>DEANNA ANTOINETTE DUCTOC, et al.,<br><br>    Defendants. | Case No. CV 20-9097-DMG (PVCx)<br><br>**ORDER RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [61]** |

  Before the Court is a Motion for Summary Judgment filed by Defendants Deanna Antoinette Ductoc, Angel Daniel Ductoc, Jr. ("Ductoc Defendants"), and Janice Rosales. [Doc. # 61 ("MSJ").] The MSJ is fully briefed. [Doc. ## 62 ("Opp."), 64 ("Reply").]

  For the following reasons, the Court **GRANTS** Defendants' MSJ.

## I.
## PROCEDURAL BACKGROUND

  Plaintiff Orlando Garcia filed his initial Complaint on October 2, 2020, against the Ductoc Defendants, alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51-

53. [Doc. # 1.]  The Court subsequently declined to exercise supplemental jurisdiction over Garcia's Unruh Act claim.  [Doc. # 18.]  On February 10, 2021, the Ductoc Defendants filed their first MSJ, which Garcia requested to continue pursuant to Federal Rule of Civil Procedure 56(d).  [Doc. ## 28, 33.]  The Court granted the Rule 56(d) request and subsequently continued the hearing on the MSJ to May 21, 2021.  [Doc. ## 34, 36.]  On May 3, 2021, Garcia filed a motion for leave to amend his Complaint, including to add Rosales as a Defendant.  [Doc. # 39.]  The Court subsequently granted Garcia's motion for leave to amend and denied the Ductoc Defendants' MSJ without prejudice.  Garcia filed his operative Second Amended Complaint ("SAC") on May 24, 2021.  [Doc. # 49.]

On August 20, 2021, Defendants filed the instant MSJ, seeking summary judgment in their favor on Garcia's ADA claim.  Garcia filed his Opposition on October 22, 2021, and Defendants filed their Reply on October 27, 2021.

## II.

## FACTUAL BACKGROUND[1]

Garcia suffers from cerebral palsy and relies on a wheelchair for mobility.  He also has manual dexterity issues and limited range of motion in his arms.  PSUF 1.  On September 18, 2020, Garcia visited Los Angelito's Bakery (the "Bakery") to shop and to assess it for compliance with the ADA and other access laws.  PSUF 2, 5.  The Ductoc Defendants are the owners of the Bakery, and Rosales owns the property at which the Bakery is located.  PSUF 3-4.  Garcia encountered two potential ADA violations at the Bakery:  a steep ramp at the entrance with no level landing, and a horizontal door handle

---

[1] Defendants submitted a Statement of Undisputed Material Facts ("SUF").  [Doc. # 61-6.]  Plaintiff submitted a Response to Defendants' Statement of Undisputed Material Facts along with a Supplemental Statement of Material Facts ("PSUF").  [Doc. # 62-1.]  In support of their Reply, Defendants filed a Response to Plaintiffs' Statement of Additional Material Facts.  [Doc. ## 64-1.]  The Court refers to the facts and disputes listed in each party's Response when citing to the SUF and PSUF.  Unless otherwise stated, the material facts in this section are uncontroverted.  The Court deems facts to be uncontroverted where a party does not provide evidence to support the alleged dispute.

that required tight grasping to operate, which he has difficulty using because of his limited dexterity and range of motion. PSUF 6-7. Because of these barriers, Garcia was deterred from entering and left without patronizing the Bakery. PSUF 8. He would like to return, however, to patronize the business and test its compliance with the ADA. PSUF 14-15.

On September 29, 2020, Garcia's investigator, Even Louis, went to the Bakery, took measurements, and identified the same potential violations. PSUF 9-11. Louis also identified an additional potential violation inside the Bakery: he measured the sales counter to be 41 inches high, with no lowered portion. PSUF 12-13.

As of May 25, 2021, Defendants had replaced the front door hardware at the Bakery and had lowered the sales counter to 24 inches. SUF 10-12. Defendants had also implemented a policy to provide a portable ramp for use by disabled customers. They installed informative signage and a buzzer at the entrance of the Bakery that enables such customers to notify employees when they need to use the portable ramp. Ductoc Decl. ¶ 7 [Doc. # 61-3]. On August 17, 2021, a contractor inspected the Bakery and determined that it would cost from $15,000 to $20,000 to permanently remedy the ramp at the entrance. SUF 7. Defendants also estimate that they would incur $28,000 in business losses during the closure of the Bakery while the ramp is remedied. *Id.*

### III.
### LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Wash. Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). Material facts are those that may affect the outcome of the case. *Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1147 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248.

The moving party bears the initial burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, Rule 56(c) requires the nonmoving party to "go beyond the pleadings and by [his or] her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(c), (e)); *see also Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010) (*en banc*) ("Rule 56 requires the parties to set out facts they will be able to prove at trial."). "In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). "Rather, it draws all inferences in the light most favorable to the nonmoving party." *Id.*

## IV.
## DISCUSSION

Defendants move for summary judgment on the basis that Garcia's ADA claim is moot because Defendants have remedied any ADA violations at the Bakery. They also argue that a permanent removal of the entrance ramp is not readily achievable.

**A.    Mootness**

The party asserting federal jurisdiction bears the burden of pleading and establishing Article III standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 562 (1992). The "personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (internal quotation omitted). A case is moot when (1) "the issues presented are no longer live" or (2) the parties lack a "legally cognizable interest in the outcome." *Id.* (internal quotations omitted). Once a case becomes moot, courts are "required to dismiss it." *Dufresne v. Veneman*, 114 F.3d 952, 954 (9th Cir. 1997).

To have standing to seek an injunction—the only form of relief available under the ADA—there must be a chance that the plaintiff will face the complained-of conduct in the

future. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105–106 (1983). In the ADA context, if the plaintiff has already received everything to which he would be entitled, then his claims are moot unless there is evidence the plaintiff will be subjected to the same wrongful conduct by the same defendant. *Parr v. L&L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1087 (D. Haw. 2000); *Johnson v. Oishi*, 362 F. Supp. 3d 843, 848 (E.D. Cal. 2019) ("[B]ecause a plaintiff can only obtain injunctive relief under the ADA, the defendant's voluntary cessation of an ADA violation may effectively moot a plaintiff's ADA claim.") (internal citation omitted). In such cases, defendants bear the burden to show that "the challenged conduct cannot be reasonably expected to recur." *Oishi*, 362 F. Supp. 3d at 848.

Garcia does not dispute that the counter height and door hardware at the Bakery now satisfy the requirements of the ADA, and that his claim is now moot as to those violations. Defendants' MSJ as to these violations is therefore **GRANTED**. Garcia argues that the portable ramp policy does not render the entrance slope violation moot because there is no guarantee that the violation will not recur, if the employees neglect to continue following the policy. Courts have found that, unlike with permanent structural alterations, remedies that depend on ongoing practices or policies do not render ADA violations moot. *See, e.g.*, *Langer v. Kaimana LLC*, No. CV 16-7452-DMG (AFMx), 2016 WL 7029151, at *2 (C.D. Cal. Dec. 1, 2016) ("[T]here is no evidence that guarantees Defendants will follow through on this recently-implemented policy of keeping the access aisles unobstructed. Unlike ADA cases involving post-lawsuit structural alterations, which would require defendants to make physical alterations to a non-ADA compliant property, the policy at issue here simply requires Defendants' inaction."). The Court therefore finds that Garcia's ADA claim with respect to the entrance ramp is not moot.

**B.      Readily Achievable**

Though the claim with respect to the entrance ramp is not moot, that does not necessarily mean it is still a viable claim. Defendants argue that their use of a portable ramp is a sufficient alternative method to make the Bakery accessible, and that any further,

more permanent fixes are not readily achievable. This is an argument on the merits, not a mootness argument. To prevail on a Title III ADA discrimination claim, a plaintiff must show that the removal of the barrier at the defendant's facility is readily achievable. *See Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007–08 (C.D. Cal. 2014).

Removal of a barrier is "readily achievable" if said removal is "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). In determining whether the removal is readily achievable, the Court considers four factors:

> (A) the nature and cost of the action needed [ ];
>
> (B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;
>
> (C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and
>
> (D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

*Id.*

To meet their initial burden under the test, plaintiffs need only "plausibly show how the cost of removing the architectural barrier at issue does not exceed the benefits under the circumstances." *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1038 (9th Cir. 2020). They are not required to address each of the four factors in detail in order to satisfy this initial burden. *Id.* If the plaintiff makes such a plausible showing, the burden then shifts to the defendant to counter the plaintiff's initial showing, at which point the

Court is required to weigh each factor to determine whether removal of the barrier is readily achievable or not. *Id.* at 1039.

Defendants argue that a complete removal of the barrier is not readily achievable because it will cost them at least $43,000. Garcia does not address this point at all. He does nothing to meet his initial burden of plausibly showing how the cost of permanently fixing the ramp does not exceed the benefits. Accordingly, summary judgment is appropriate on the merits of this violation. The Court therefore **GRANTS** Defendants' MSJ with respect to the entrance ramp as well.

## V.
## CONCLUSION

For the foregoing reasons, Defendants' MSJ is **GRANTED**. All scheduled dates and deadlines are **VACATED**.

**IT IS SO ORDERED.**

DATED: November 16, 2021

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE